The PEOPLE of the State of
Colorado, Complainant,

v.

Douglas James KOTAREK,
Attorney–Respondent.

No. 97SA178.

Supreme Court of Colorado,
En Banc.

July 21, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Richard F. Hennessey, Denver, for Attorney–Respondent.

PER CURIAM.

An inquiry panel of the supreme court grievance committee approved a stipulation, agreement, and conditional admission of misconduct between the respondent and the assistant disciplinary counsel. *See* C.R.C.P. 241.18. The conditional admission recommended that the respondent be suspended from the practice of law in a range of three to six months. In approving the conditional admission, the panel recommended suspension for three months. We accept the conditional admission and the inquiry panel's recommendation.

I.

The respondent has been licensed to practice law in this state since 1992. The conditional admission states that the respondent was employed as an associate at the Denver law firm of Dufford & Brown P.C., from April 1, 1994 to July 12, 1996. On June 27, 1996, the respondent was scheduled to take two depositions. The first one was to take place at 10:00 a.m. in Colorado Springs, and the second at 2:00 p.m. in Pueblo.

On June 28, 1996, the respondent submitted the following to his law firm's bookkeeper:

(1) A mileage reimbursement request in the amount of $43.40 for a trip from Denver to Colorado Springs on June 27, 1996 for a deposition of a Dr. Griffis;

(2) a mileage reimbursement request in the amount of $68.20 for a trip from Denver to Pueblo on June 28, 1996, for a deposition of a Dr. Olson;

(3) a billing time sheet for June 27, 1996, listing "preparation for deposition of Dr. Griffis; travel to and from Colorado Springs; deposition of Dr. Griffis," for a total of 5.8 hours; and

(4) a billing time sheet for June 28, 1996, listing "preparation for a deposition of Dr. Olson; travel to Pueblo, deposition of Dr. Olson," for a total of 6.2 hours.

In fact, the Dr. Griffis deposition was cancelled. The respondent did travel to Colorado Springs for the deposition, but the case was settled, so the deposition did not take place. The $43.40 mileage reimbursement request for the trip from Denver to Colorado Springs on June 27, 1996, was therefore legitimate, but the corresponding billing time sheet for the deposition of Dr. Griffis was not.

The respondent returned to Denver on June 27, and later that same day he took the deposition of Dr. Olson by telephone. The respondent did not travel to Pueblo on either June 27 or 28 so the mileage reimbursement request for $68.20 and some portion of the billing time sheet for the Dr. Olson deposition were fraudulent. The respondent nevertheless received and cashed a reimbursement check in the amount of $68.20 for the fictitious trip to Pueblo. The law firm learned about the fraudulent reimbursement request and time sheets and the respondent was fired on July 12, 1996. The clients involved were not billed for the false charges, and the respondent has reimbursed the law firm for the $68.20 check. A review by the law firm of the respondent's other 1996 cases did not uncover any other false billing problems.

The respondent has admitted that the foregoing conduct violated Colo. RPC 1.5 (charging an unreasonable fee); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

### II.

In approving the conditional admission, the inquiry panel recommended that the respondent be suspended for three months. In his analysis of discipline, the assistant disciplinary counsel suggests that six months is more appropriate. Given the significant mitigating circumstances in this case, however, we agree that the shorter period of suspension is appropriate.

Medical evaluations performed by two psychiatrists, one retained by the respondent's counsel and the other retained for an independent examination, found that the combined effects of several factors, including the respondent's separation from his wife and subsequent dissolution of marriage, were enormously stressful and debilitating during the relevant time period. Both psychiatrists conclude, however, that the respondent is not now a threat to the profession or to his clients. There is therefore good reason to believe that this one instance of dishonesty on the respondent's part was an aberration that is not likely to be repeated.

The respondent has not been disciplined before, which is a mitigating factor for purposes of determining the proper sanction. See ABA *Standards for Imposing Lawyer Sanctions* 9.32(a) (1991 & Supp.1992) (ABA *Standards*). The assistant disciplinary counsel has stipulated to the existence of the following additional mitigating factors: the existence of personal or emotional problems at the time of the misconduct, see ABA *Standards* 9.32(c); a timely good faith effort to make restitution or to rectify the consequences of the misconduct, see *id.* at 9.32(d); full and free disclosure and cooperation during the disciplinary process, see *id.* at 9.32(e); inexperience in the practice of law, see *id.* at 9.32(f); mental disability or impairment, see ABA *Standards* 9.32(h) (1986); the loss of the respondent's job constituted the imposition of other penalties or sanctions, see ABA *Standards* 9.32(k); and the existence of remorse, see *id.* at 9.32(*l* ).

Given these extenuating circumstances, we conclude, as did the inquiry panel, that a suspension for three months is an adequate sanction. However, at least one member of the court would impose a greater sanction. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

### III.

It is hereby ordered that Douglas James Kotarek be suspended from the practice of law for three months, effective thirty days after this opinion is issued. The respondent is also ordered to pay the costs of this proceeding in the amount of $956.10 within thirty days of the date on this decision to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.